## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

RICKY ASHLEY                                                          PLAINTIFF
a/k/a Carlos Chambers


v.                              4:18cv00498-KGB-JJV


JAMES M. MOODY,
United States District Judge,
Eastern District of Arkansas; *et al.*                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the district judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the magistrate judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was

not offered at the hearing before the magistrate judge.

3.      The details of any testimony desired to be introduced at the new hearing in

the form of an offer of proof, and a copy, or the original, of any documentary or other non-

testimonial evidence desired to be introduced at the new hearing.

From this submission, the district judge will determine the necessity for an

additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Ricky Ashley ("Plaintiff") is confined in the Saline County Detention Facility and

brings this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  He also has filed an

Application to Proceed Without Prepayment of Fees and Affidavit ("Application").  (Doc.

No. 1.)

The Prison Litigation Reform Act ("PLRA") provides, in part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action
> or appeal in a court of the United States that was dismissed on the grounds
> that it is frivolous, malicious, or fails to state a claim upon which relief may
> be granted, unless the prisoner is under imminent danger of serious physical
> injury.

28 U.S.C. § 1915(g).

From 1994 to 1997, Plaintiff accumulated four strikes as defined by § 1915(g).  *See*

*Ashley v. Reed*, 5:94CV00240; *Ashley v. Johnson*, 5:94CV00529; *Ashley v. Rwoni*, 4:95CV00786; *Ashley v. Dowen,* 5:97CV00302.  Undeterred, Plaintiff filed approximately forty-five additional lawsuits, the majority of which were dismissed prior to service. Plaintiff's unrelenting pattern of frivolous filings has earned him "the dishonorable distinction of ranking among the most highly abusive filers in the Eastern District of Arkansas, if not the most abusive." *Ashley v. Reasoner*, 4:05CV00465, Doc. No. 3 at 1 (describing Plaintiff's history of abusive filings).  For this reason, I have issued a Recommended Disposition in a separately filed lawsuit, suggesting Chief United States District Judge Brian M. Miller prohibit Plaintiff from filing any further civil actions in this district without prior approval.  *See Ashley v. Moody*, 4:18CV00497, Doc. No. 3 at 4-5.

In the Complaint filed in this action, Plaintiff alleges that one state court judge and three federal judges have "declared" "every Sunday" to be "National Kill a Nigger Day" and ordered ATF agents to kill "Ricky Ashley, AKA 'Ruler.'"  (Doc. No. 2 at 4.)  Plaintiff has raised similarly outrageous accusations against federal, state, and county officials in five other lawsuits filed this year. *See Ashley v. Wright*, 4:18CV00049; *Ashley v. Wilson*, 4:18CV00078; *Ashley v. Arnold,* 4:18CV00458; *Ashley v. Moody*, 4:18CV00482*; Ashley v. Moody*, 4:18CV00497.

The PLRA requires courts to dismiss "frivolous" or "malicious" complaints.  28 U.S.C. § 1915A(b)(1).  A case is frivolous if the allegations are "fantastic," "delusional," "irrational," or "wholly incredible."  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  A complaint is malicious if it demonstrates "a longstanding pattern of abusive and repetitious lawsuits" or "contains disrespectful

references or abusive language." *Cooper v. Wood*, No. 95-3798, 1997 WL 177458, at *1 (8th Cir. Apr. 15, 1997) (unpublished opinion); *Horsey v. Asher,* 741 F.2d 209, 213 (8th Cir. 1984).   Plaintiff's absurd and redundant allegations squarely fall under both definitions.   Thus, I recommend this case be dismissed with prejudice as frivolous and malicious.

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 1) be DENIED.

2.      The Complaint (Doc. No. 2) be DISMISSED WITH PREJUDICE as being frivolous and malicious.

3.      Dismissal be counted as a "strike," pursuant to 28 U.S.C. § 1915(g).

4.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order dismissing this case and the accompanying Judgment would not be taken in good faith.

Dated this 6th day of August, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE